**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RASHID AWADH RASHID AL-UWAIDAH, *et al.*, | : |
| | : |
| Petitioners, | : |
| | : |
| v. | : Civil Action No. 05-1668 (GK) |
| | : |
| GEORGE W. BUSH, *et al.*, | : |
| | : |
| Respondents. | : |

## ORDER

On May 23, 2006, Respondents filed a Notice of Transfer of Petitioner and Withdrawal of Request for Designation of Certain Information as Protected Information [Dkt. #37]. Respondents indicated that "Rashid Awadh Rashid Al-Uwaidah had been transferred to the Government of the Kingdom of Saudi Arabia and released from United States custody." On May 24, 2006, the Court issued an Order to Show Cause [Dkt. #40] requiring the parties to indicate why this case should not be dismissed as moot given Petitioner's transfer. The Petitioner responded, arguing that his habeas claims should not be dismissed because he is entitled to discovery on whether he is being detained by Saudi Arabia at the behest of the United States; he also argued that his non-habeas claims are not mooted by a transfer and should not be dismissed. The Government responded that the habeas petition should be dismissed as moot in light of the transfer, and in light of the fact that Petitioner's counsel consented to and requested acceleration of his transfer to Saudi Arabia.

Petitioner offers only two justifications for his request for jurisdictional discovery. First, he argues that there has been no suggestion that he was held at Guantanamo Bay because he violated the laws of Saudi Arabia. From that statement, which appears to be accurate, Petitioner then makes

a leap of logic to the conclusion that because he was not held at Guantanamo Bay for violation of Saudi Arabian laws, he is now being detained at the behest of the United States Government. This logic makes no sense. It does not follow that because he was held at Guantanamo Bay as an "enemy combatant," that "there is no apparent reason for his continued detention -- without formal charges -- other than it is at the behest of the United States Government." Pet.'s Resp. to Court's Order to Show Cause at 6. Second, Petitioner argues that there is "evidence of a pattern of conduct by Respondent of transferring detainees to evade jurisdiction." Id. Petitioner offers no supporting evidence, and relies on only a 2006 law review article in the University of Richmond Law Review. But these arguments fail to persuade the Court.

Petitioner relies heavily on the comprehensive opinion of Judge Bates of this Court in Abu Ali v. Ashcroft, 350 F. Supp.2d 28 (D.D.C. 2004), in which those petitioners were allowed limited and specific jurisdictional discovery. However, the factual background in Abu Ali was dramatically different than that presented in this case.

In this case, Petitioner presents no facts in support of his request for jurisdictional discovery. In Abu Ali, the detainee was an American citizen who was never held at Guantanamo Bay; he was arrested and immediately imprisoned in Saudi Arabia; three other Americans who were arrested at about the same time as Abu Ali were extradited within a month to the United States, whereas he was not; numerous communications were made by Abu Ali's parents, who were the petitioners, with the FBI, the State Department, Saudi officials, and the United States Consul in Saudi Arabia who gave totally contradictory statements as to whether the United States was or was not still interested in his detention; in their papers, Abu Ali's parents identified specific individuals who were members of the FBI, the State Department, and the United States Attorney's Office who communicated

information to them that was directly relevant to the question of the involvement of the United States in Abu Ali's detention. Finally, and perhaps most convincing of all, the evidence submitted by Abu Ali's parents was not rebutted by the Government. On this record, Judge Bates concluded that Petitioner had presented

> at least some evidence suggesting that (i) the United States initiated the arrest of Abu Ali in Saudi Arabia; (ii) the United States has interrogated Abu Ali in Saudi Arabia; (iii) the United States is controlling events in Saudi Arabia; (iv) the United States is keeping Abu Ali in Saudi Arabia to avoid constitutional scrutiny by American courts; (v) Saudi Arabia would immediately release Abu Ali to United States officials upon a request by the United States government; and (vi) Abu Ali has been subjected to torture with the knowledge of the United States.

350 F. Supp.2d at 67.

This case presents no such scenario. Nor has Petitioner offered any specific evidence that raises even a colorable claim that he is being detained at the behest of the United States.

**WHEREFORE**, it is this 2nd day of February 2009, hereby

**ORDERED**, that the habeas claims of Petitioner are **dismissed**; and it is further

**ORDERED**, that a Status Conference shall be held on **February 25, 2009 at 10:15 a.m.** as to the non-habeas claims of Petitioner.[1] Counsel are to submit on **February 20, 2009,** a Joint Status Report as to how they wish to proceed on the non-habeas claims.

/s/
Gladys Kessler
United States District Judge

**Copies via ECF to all counsel of record**

---

[1] Petitioner made it clear in his Response that he did not wish his non-habeas claims dismissed. Id. at 8. The Government did not respond to Petitioner's argument, and therefore, the Court concludes that it has waived any objection to going forward with the non-habeas claims.